**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0313n.06
Filed: May 7, 2007

**No. 06-3109**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| SALAM MOHAMMAD ABED AL-UJAIMY, | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **ON PETITION** FOR REVIEW |
| v. | ) | OF A DECISION OF THE |
| | ) | BOARD OF IMMIGRATION |
| ALBERTO R. GONZALES, Attorney General | ) | APPEALS |
| | ) | |
| **Respondent.** | ) | **MEMORANDUM** |
| | | **OPINION** |

**BEFORE: NORRIS, GILMAN, and McKEAGUE, Circuit Judges.**

**PER CURIAM.** Petitioner Salam Mohammad Abed Al-Ujaimy, an Iraqi citizen, appeals from an order of the Board of Immigration Appeals ("BIA"), that affirmed an Immigration Judge's decision denying his motion to reopen removal proceedings. For the following reasons, we affirm.

In December 2000, Petitioner entered the United States without a valid visa or passport. After being released from the Immigration and Naturalization Service's custody, he began residing in Southfield, Michigan. In February 2001, removal proceedings were instituted against him, and he retained attorney David Koelsch to represent him. At his removal hearing in February 2002, he sought asylum, withholding of removal, and protection under the Convention Against Torture,

claiming that he feared persecution for deserting the Iraqi army. The Immigration Judge concluded that Petitioner was not a credible witness and denied his application for relief. Petitioner appealed.

In May 2003, the BIA reversed the adverse credibility determination and remanded for further proceedings. On June 3, 2003, the Immigration Court sent notice of Petitioner's new hearing date to Koelsch. Petitioner, however, did not appear at the November 25, 2003 hearing, and the Immigration Judge ordered him removed in abstentia. After he failed to appear, Koelsch sent Petitioner a letter dated November 25, 2003, outlining the steps that Koelsch had taken to contact Petitioner by both phone and mail prior to the November hearing date. Petitioner contends that he did not learn of the removal order until 2004 when the Department of Homeland Security denied his application for employment authorization. Thereafter, on November 4, 2005, Petitioner retained new counsel and filed a motion to reopen the removal proceedings, arguing that he never received notice of the November 2003 hearing.

The Immigration Judge determined that Petitioner received sufficient notice because his attorney was informed of the hearing. Petitioner was responsible for keeping his attorney apprised of his current and correct mailing address. Petitioner, however, used various addresses in both Michigan and Arizona during the relevant period of time. The Immigration Judge also concluded that Petitioner could not reopen the proceedings by claiming that he had received ineffective assistance of counsel because he could not show the factual prerequisites set out in *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), had been met. In October 2005, the BIA affirmed and adopted the Immigration Judge's decision, stating that service on Petitioner's "counsel of record constituted

notice" and his "failure to notify his attorney of his current address does not amount to exceptional circumstances for his failure to appear."

This court reviews the BIA's order denying Petitioner's motion to reopen removal proceedings for an abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 323-24 (1992). An alien may move to reopen at any time if he did not receive notice of his removal hearing. However, notice mailed to the alien's counsel of record is sufficient. 8 U.S.C. § 1229(a); *see Scorteanu v. INS*, 339 F.3d 407, 412 (6th Cir. 2003). Here, notice of the November 2003 hearing was sent to Koelsch, which was statutorily sufficient notice.

Alternatively, Petitioner argues that Koelsch provided ineffective assistance by failing to notify him of the November 2003 hearing and that amounted to an exceptional circumstance for reopening pursuant to 8 U.S.C. § 1229a(b)(5)(C). An in absentia order of removal may be rescinded if the alien can show that the motion to reopen was filed within 180 days of the order of removal and that his failure to appear was caused by exceptional circumstances. 8 U.S.C. § 1229a(b)(5)(C). Even if we were to assume that the 180-day time limit could be equitably tolled, Petitioner cannot meet his burden for establishing an ineffective assistance of counsel claim. To do so, Petitioner must satisfy the conditions set forth in *Lozada,* as well as show that he was prejudiced by counsel's failings. *Sako v. Gonzales*, 434 F.3d 857, 863 (6th Cir. 2006). According to *Lozada,* Petitioner must show the following: (1) the motion to reopen is supported by "an affidavit detailing counsel's failings"; (2) counsel was informed of the failings; and (3) the motion shows "that disciplinary charges have been filed with the appropriate authority." *Id.* (citing *Lozada*, *supra*). Petitioner has not provided an affidavit in support of his motion. While a document entitled "Bar Complaint-

Attorney David Koelsch" is included in the record, there is no evidence that this document was ever filed with the Michigan State Bar or that a copy of it was sent to Koelsch. Consequently, Petitioner failed to establish the factual predicate for bringing a motion to reopen on the basis of ineffective assistance of counsel. That being the case, we need not reach the question of whether Petitioner has demonstrated prejudice based upon the actions or inactions of counsel.

The order of the Board of Immigration Appeals is **affirmed**.